IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Case No. 3:16-cv-03105 |
| | § | |
| FEIN SUCH & CRANE LLP, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

Nationstar Mortgage LLC (**Nationstar**) brings this suit against Fein Such & Crane LLP (**Fein Such**) and for causes of action respectfully shows the following:

### I.      SUMMARY OF CLAIMS

1.      This is a malpractice action to recover damages resulting from Fein Such's representation of Nationstar in two foreclosure actions.   Nationstar's predecessor-in-interest retained Fein Such to prosecute a foreclosure action in the Supreme Court of Kings County, New York (**the Supreme Court**).   Because Fein Such failed to file a note of issue indicating the matter was trial ready, the Supreme Court properly dismissed the action for failure to prosecute. The six-year statute of limitations ran on the entire accelerated mortgage debt before the foreclosure action was dismissed.

2.      Nationstar retained Fein Such to commence a second foreclosure action on the same property.   The borrower did not appear or answer Nationstar's foreclosure complaint, waiving the statute of limitations defense.   Fein Such executed a stipulation permitting the borrower to interpose a late answer asserting the statute of limitations defense after this waiver.

Because Nationstar could no longer foreclose on the property, it mitigated its losses by settling with the borrower and selling its interest for less than the value of the property.

## II.      THE PARTIES

3.      Nationstar is a Delaware limited liability company. Nationstar's members are Nationstar Sub1 LLC (**Sub1**) and Nationstar2 LLC (**Sub2**).  Both Sub1 and Sub 2 are Delaware limited liability companies.  Sub1 and Sub2 are both wholly-owned by Nationstar Mortgage Holdings, Inc. (NSM).  NSM is a corporation formed pursuant to the laws of the State of Delaware with its principal place of business located in Lewisville, Texas.  Nationstar is a citizen of the States of Delaware and Texas for purposes of diversity of citizenship.

4.      Fein Such is a New York limited liability company.  None of its members are citizens of Texas.

## III.      JURISDICTION AND VENUE

5.      The Court may exercise diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00.

6.      The court may maintain personal jurisdiction over Fein Such, and venue is proper in this District, because Fein Such executed a Firm Retention Agreement (**Nationstar Agreement**) consenting to the exclusive jurisdiction and venue of the courts of Texas and the United States District Court of the Northern District of Texas "with respect to any matter relating to" the Nationstar Agreement.  Nationstar brings claims under the Nationstar Agreement.

## IV.      STATEMENT OF RELEVANT FACTS

7.      Joseph Lissandrello executed a note in favor of Washington Mutual Bank, FA (**Washington Mutual**) promising to repay $425,000 on July 9, 2014 (the **loan**).  Mr. Lissandrello also executed a mortgage in favor of Washington Mutual, pledging the premises

located at 2102 66th Street in Brooklyn, New York 11204 as security for the loan. This mortgage was recorded with the Office of the City Register of the City of New York on August 9, 2004.

## A.    First Foreclosure Action

8.    Washington Mutual Bank, NA commenced a foreclosure action on October 23, 2007, through counsel Fein Such, by filing a complaint that accelerated the amounts due under the note and mortgage with the Office of the Clerk of Kings County under Index Number 39767/2007 (the **first foreclosure action**). The foreclosure was based on Mr. Lissandrello's default.

9.    Mr. Lissandrello answered Fein Such's complaint.

10.    Servicing of Mr. Lissandrello's loan transferred to JP Morgan Chase Bank, National Association (**JP Morgan**) on October 1, 2011.

11.    JPMorgan retained Fein Such to provide legal services in connection with the foreclosure of mortgage loans in New York, including the first foreclosure action, under a relevant written agreement with Fein Such (the **JPMorgan Agreement**). Upon information and belief, under the JPMorgan Agreement, JPMorgan retained Fein Such to continue to conduct a mortgage foreclosure action against Joseph Lissandrello. Upon information and belief, under the JPMorgan Agreement, Fein Such specifically represented to JPMorgan that Fein Such had expertise in conducting mortgage foreclosure actions and that it had the necessary expertise to perform services required under the JPMorgan Agreement and agreed to exercise due diligence and reasonable care in performing legal services under the JPMorgan Agreement. Upon information and belief, JPMorgan relied on Fein Such's professional and independent judgment and discretion in prosecuting this foreclosure action.

12.     The Kings County Supreme Court held a status conference on August 6, 2013, and issued an order demanding Washington Mutual file a note of issue or move for an order of reference within ninety days of that order.  Fein Such did not file a note of issue or move for an order of reference in compliance with the August 6, 2013 order.  Pursuant to the Court's August 6, 2013 order, the Clerk of the Kings County Supreme Court dismissed the action on February 27, 2014.

13.     Had Fein Such filed a note of issue by November 4, 2016, any dismissal of the case would have been improper.  N.Y.C.P.L.R. § 3216 ("In the event that the party upon whom is served [a demand for a note of issue] serves and files a note of issue within such ninety day period . . . the court initiative or motion to dismiss shall be denied.").  Fein Such did not move to restore the action and file a late note of issue based on a justifiable excuse for its delay and a meritorious cause of action.

14.     The statute of limitations barred any new foreclosure action after October 23, 2013.  The statute of limitations expired to sue for the entire loan debt six years after Washington Mutual accelerated the payments due on the loan in its foreclosure complaint.  *Fed. Nat. Mortgage Ass'n v. Mebane*, 208 A.D.2d 892, 894 (2d Dep't 1994) (the six year statute of limitations began to run when the foreclosure complaint was filed).

B.      **Second Foreclosure Action**

15.     JPMorgan, through Fein Such, commenced a second foreclosure action to foreclose the mortgage on May 7, 2014 by filing a foreclosure complaint with the Kings County Clerk under Index Number 504114/2014 (the **second foreclosure action**).

16.     Mr. Lissandrello did not timely appear or answer the complaint.  Mr. Lissandrello waived the statute of limitations defense by not interposing it in a timely answer.  *Ferri v. Ferri*,

71 A.D.3d 949, 950 (2d Dep't 2010) ("The appellant waived the defense of the statute of limitations, as that defense was raised neither in her answer nor in a pre-answer motion to dismiss the complaint.").

17.    Nationstar began servicing the loan on July 1, 2014.

18.    Nationstar retained Fein Such to provide legal services in connection the foreclosure of mortgage loans in New York, including the second foreclosure action, under a relevant written agreement with Fein Such under the Nationstar Agreement.  Fein Such agreed to exercise due diligence and reasonable care in performing legal services under the Nationstar Agreement, and it agreed to indemnify Nationstar against any losses suffered from Fein Such's negligence or any breach of that agreement.  Nationstar relied on Fein Such's professional and independent judgment and discretion in prosecuting foreclosure actions.

19.    At a status conference on March 12, 2015, Fein Such executed a stipulation allowing Mr. Lissandrello to interpose an answer any time before March 31, 2015.  Mr. Lissandrello filed and served an answer to the second foreclosure complaint, interposing the statute of limitations as an affirmative defense on March 26, 2015.  Fein Such's execution of this stipulation allowed Mr. Lissandrello to defeat the foreclosure action.

20.    Nationstar retained Akerman LLP to represent it in the second foreclosure action on April 10, 2015.  Because the statute of limitations barred the second foreclosure action, Akerman LLP, on behalf of Nationstar, negotiated a settlement agreement with Mr. Lissandrello whereby Nationstar agreed to sell the note and mortgage to a third party, 2012 66th Street Notebuyer LLC (the **Notebuyer LLC**) on February 11, 2016.

21.    Upon information and belief, the subject property was worth about $950,000 on February 11, 2016.  Nationstar agreed to sell the loan to the Notebuyer LLC at a discount

because the second foreclosure action was barred by the statute of limitations. Nationstar's settlement was driven by multiple negligent acts, which forced Nationstar to sell the loan to the Notebuyer LLC for far less than the unpaid principal balance of the loan or the value of the subject property.

## C.      Ownership of the Loan

22.      JPMorgan serviced the loan on behalf of an entity that owned the loan on November 4, 2013 (the **previous loan owner**). The previous loan owner sold the loan to NRZ Mortgage Holdings LLC (**NRZ**). On information and belief, the prior owner transferred any claims related to the loan, including the right to sue Fein Such for malpractice in connection with the foreclosure of the loan.

23.      NRZ deposited the loan in the NRZ Pass-Through Trust IV (**NRZ Trust**) on April 22, 2014. NRZ assigned "all of its rights and obligations" with respect to the loan to the NRZ Trust by agreement dated May 28, 2014, which includes the right to sue Fein Such for malpractice in connection with the foreclosure of the loan.

24.      NRZ Trust sold the loan to Pretium Mortgage Credit Partners I Loan Acquisition, LP (**Pretium**) on March 27, 2015. NRZ Trust sold "the related servicing rights" to the loan to Pretium, which include the right to sue Fein Such for malpractice in connection with the foreclosure of the loan.

25.      Pretium and Nationstar entered into a servicing agreement on September 17, 2015, where Pretium authorized Nationstar "to do any and all things in connection with" the servicing and administration of the loan, including the right to sue Fein Such for malpractice in connection with the foreclosure of the loan.

## V.    CAUSES OF ACTION

**A.    First Cause of Action: Professional Negligence and Legal Malpractice**

26.    Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

27.    An attorney-client relationship existed between Fein Such and Nationstar's predecessor, JPMorgan, at all relevant times with respect to the legal services Fein Such provided to JPMorgan for the first foreclosure action.  Fein Such owed a duty of reasonable care to JPMorgan to prosecute the first foreclosure action and pursue a final judgment of foreclosure and sale in the first foreclosure action.  Fein Such had a duty to JPMorgan to exercise the degree of care and skill commonly exercised by competent members of the legal community under similar circumstances in providing services to JPMorgan and in rendering advice to them.  Fein Such duties under the JPMorgan Agreement with JPMorgan were to foreclose the mortgage and prosecute the validity, enforceability and priority of the mortgage in the first foreclosure action.

28.    Fein Such breached its duty of care by failing to exercise reasonable care or competence in attempting to foreclose the mortgage in the first foreclosure action. The breaches include, but are not limited to: (**1**) failing to timely file a note of issue after the Court demanded one within ninety days; and (**2**) failing to file a note of issue after the ninety-day period while providing a reasonable excuse for delay and demonstrating a meritorious cause of action.

29.    Nationstar is JPMorgan's successor-in-interest.

30.    An attorney-client relationship existed between Fein Such and Nationstar at all relevant times with respect to the legal services Fein Such provided to Nationstar for the second foreclosure action.  Fein Such owed a duty of reasonable care to Nationstar to prosecute the second foreclosure action and pursue a final judgment of foreclosure and sale in the second foreclosure action.  Fein Such had a duty to Nationstar to exercise the degree of care and skill

commonly exercised by competent members of the legal community under similar circumstances in providing services to Nationstar and in rendering advice to them. Fein Such's duties under the Nationstar Agreement were to foreclosure the mortgage and prosecute the validity, enforceability, and priority of the mortgage in the second foreclosure action.

31.     Fein Such breached its duty of care by failing to exercise reasonable care or competence in attempting to foreclose the mortgage in the second foreclosure action.  The breaches include, but are not limited to executing a stipulation to allow Mr. Lissandrello to serve a late answer and interpose a statute of limitations defense.

32.     As a result of Fein Such's breaches, Nationstar has and will continue to suffer damages, including but not limited to interest, fees and costs.

**B.     Second Cause of Action: Breach of Contract**

33.     Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

34.     A contractual attorney-client relationship existed between Fein Such and JPMorgan at all relevant times with respect to the legal services provided to JPMorgan for the first foreclosure action.  JPMorgan and Fein Such entered into a valid contract under the JPMorgan Agreement to perform litigation services, including but not limited to prosecution of the first foreclosure action.  Under the terms of the JPMorgan Agreement, Fein Such was required to serve as JPMorgan's counsel to foreclosure the mortgage in the first foreclosure action and to litigate the validity, enforceability, and priority of the mortgage on JPMorgan's behalf.  Fein Such owed JPMorgan a reasonable duty of professional care under the JPMorgan Agreement with respect to the first foreclosure action, including a duty to comply with all

applicable rules, laws, and regulations, including those regarding professional and ethical standards.

35.     Fein Such breached the contract.  These breaches include, but are not limited to: (**1**) failing to timely file a note of issue after the Court demanded one within ninety days; and (**2**) failing to file a note of issue after the ninety day period while providing a reasonable excuse for delay and demonstrating a meritorious cause of action.

36.     A contractual attorney-client relationship existed between Fein Such and Nationstar at all relevant times with respect to the legal services provided to Nationstar for the second foreclosure action.  Nationstar and Fein Such entered into a valid contract under the Nationstar Agreement to perform litigation services, including but not limited to prosecution of the second foreclosure action.  Under the terms of the Nationstar Agreement, Fein Such was required to serve as Nationstar's counsel to foreclose the mortgage in the second foreclosure action and to litigate the validity, enforceability, and priority of the mortgage on Nationstar's behalf.  Fein Such owed Nationstar a reasonable duty of professional care under the Nationstar Agreement with respect to the second foreclosure action, including a duty to comply with all applicable rules, laws, and regulations, including those regarding professional and ethical standards.

37.     Fein Such breached the contract.  These breaches include, but are not limited to executing a stipulation to allow Mr. Lissandrello to serve a late answer and interpose a statute of limitations defense and failing to indemnify Nationstar for losses it suffered from Fein Such's negligence.

38.     As a result of Fein Such's breaches, Nationstar has and will continue to suffer damages, including but not limited to interest, fees and costs.

## VI.    PRAYER

**WHEREFORE**, Nationstar prays a judgment be entered granting it the relief to which it

is entitled, including but not limited to its monetary damages including the difference between

the settlement amount and the value of the property, costs of court, and attorneys' fees.

Date: November 7, 2016                                  Respectfully submitted,

                                                        */s/ Walter McInnis*
                                                        _____
                                                        C. Charles Townsend, SBN:  24028053
                                                        *Of Counsel*
                                                        Walter McInnis., SBN:  24046394
                                                        *Attorney-in-Charge*
                                                        Ginny E. Webb; SBN:  24047462
                                                        *Of Counsel*
                                                        AKERMAN LLP
                                                        2001 Ross Avenue, Suite 2550
                                                        Dallas, Texas 75201
                                                        Telephone: 214.720.4300
                                                        Facsimile: 214.981.9339
                                                        charles.townsend@akerman.com
                                                        walter.mcinnis@akerman.com
                                                        ginny.webb@akerman.com

                                                        **ATTORNEYS FOR
                                                        NATIONSTAR MORTGAGE LLC**